MATTER OF R——

In DEPORTATION Proceedings

A-14?2888

*Decided by Board June 9, 1960*

Pardon—Wisconsin—Restoration of civil rights not a "pardon" within section 241(b) when granted subsequent to 1947 change in Wisconsin law.

Pardon restoring civil rights issued by the Governor of Wisconsin subsequent to 1947 amendment of State law providing for automatic restoration of civil rights upon completion of sentence is not a full and unconditional pardon within meaning of section 241(b) of the 1952 act.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—After entry convicted of 2 crimes involving moral turpitude, to wit: rape and adultery.

BEFORE THE BOARD

**Discussion:** By order dated February 29, 1960, the special inquiry officer directed that the proceedings be terminated and that the case be certified to us for final decision. The conclusion to terminate the proceedings is based on a finding by the special inquiry officer that a pardon issued by the Governor of Wisconsin on April 17, 1958, restoring civil rights, constitutes a full and unconditional pardon within the provisions of section 241(b) of the Immigration and Nationality Act. The Service excepts to such finding and urges that the decision of the special inquiry officer not be affirmed but that the case be remanded to permit respondent an opportunity to obtain a full and unconditional pardon.

Respondent is a 49-year-old married male alien, a native and citizen of Mexico. He testified that he last entered the United States at Laredo, Texas, on January 8, 1921. On January 9, 1931, he was convicted in the Municipal Court, Milwaukee, Wisconsin, for the offense of rape. On October 6, 1941, he was convicted in the same court of the crimes of adultery and false swearing. The charge in the order to show cause is based on the conviction for rape and adultery.

The pardon restoring civil rights, which the special inquiry officer has ruled is a full and unconditional pardon, mentions the con-

677

victions for rape and for adultery and false swearing, and that respondent had served the full terms of his imprisonment and had been discharged therefrom in 1932 and 1943, respectively. The pardon recites that respondent was also convicted on March 6, 1952, in the Milwaukee Municipal Court of the crime of abandonment of a minor child and thereupon placed on probation for the term of 2 years; that the full term of probation had been served; and that respondent had been discharged therefrom on March 4, 1954. The pardon then concludes with the following:

WHEREAS, Pardon is solicited in behalf of the said R——J——R—— to restore his civil rights, and it appearing that he has led an upright and honorable life, and conducted himself as a peaceable and law-abiding citizen since his discharge from probation, and it appearing that he is deserving of executive clemency;

NOW, THEREFORE, KNOW YE, That in consideration of the premises, I, Vernon W. Thomson, Governor of the State of Wisconsin, have restored, and by these presents do restore to the said R——J——R—— all civil rights for feited by him in consequence of the said offenses or of the said convictions.

Our decision in *Matter of G——*, 4 I. & N. Dec. 73, cited by the special inquiry officer in support of his ruling, involved a restoration of civil rights by the Governor of Wisconsin on June 26, 1946, prior to the 1947 session of the Wisconsin State legislature during which a law was passed providing for the automatic restoration of civil rights to a person by serving out his term of imprisonment or otherwise satisfying a sentence. In *Matter of G——*, *supra*, we pointed out that prior to this 1947 legislation civil rights could be restored by a pardon only according to a 1916 opinion of the Attorney General of Wisconsin. We also mentioned that the office of the then incumbent Attorney General of the State of Wisconsin, in a communication dated June 10, 1950, stated that the June 1946 order of the Governor restoring civil rights was in legal effect a full pardon.

In the instant case, however, the restoration of the civil rights by the governor occurred after the enactment of the 1947 law which provides for an automatic restoration of such rights. Further, according to a letter dated May 29, 1959, to the special inquiry officer from the Secretary to the Governor of Wisconsin, it would appear that the pardon issued to the respondent is not an absolute one but restored his civil rights only. This letter reads in pertinent part as follows:

The application received from Mr. R—— was for restoration of civil rights, and consequently the pardon which was issued on April 17, 1958, only restored his civil rights.

If an absolute pardon is required by your department in order to avoid deportation, Mr. R—— should file such an application with this office, and it will be given prompt attention.

It is obvious from the provisions of section 241(b) of the Immigration and Nationality Act with respect to a full and unconditional pardon that an absolute pardon is required to eliminate a crime involving moral turpitude as a ground for deportation. Inasmuch as the pardon issued to the respondent was granted after the 1947 law providing for the automatic restoration of civil rights and as it appears that the pardon granted respondent is not an absolute pardon, it is our conclusion that the two crimes on which the order to show cause is based have not been eliminated for deportation purposes. Accordingly, we will remand the case to the special inquiry officer to afford respondent an opportunity to make application for a full and unconditional pardon under the Wisconsin statutes.

**Order:** It is ordered that the proceedings be reopened in accordance with the foregoing and for such other actions as may be appropriate.